UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRETTE TINGLE**                                        **CIVIL ACTION**

**VERSUS**                                                **NO. 15-626-JWD-EWD**

**TROY HEBERT, IN HIS INDIVIDUAL**
**OFFICIAL CAPACITY AS THE**
**COMISSIONER OF THE OFFICE**
**OF ALCOHOL AND TOBACCO**
**CONTROL OF THE LOUISIANA**
**DEPARTMENT OF REVENUE**

**RULING AND ORDER ON MOTION TO COMPEL**

Before the Court is a Motion to Compel filed by plaintiff Brette Tingle.[1] The Motion is opposed[2] and Plaintiff has filed a Reply.[3] Plaintiff seeks to compel defendant, Troy Hebert, to produce, subject to a protective order, all files, including personnel, supervisory, and administrative files, regarding Jeffrey Barthelemy.[4] For the reasons that follow, the Motion to Compel is **DENIED.**[5]

**I.   Background**

On September 16, 2015, Plaintiff filed this suit against Troy Hebert, in his individual and official capacities as Commissioner of the Office of Alcohol and Tobacco Control ("ATC") of the Louisiana Department of Revenue ("Defendant"), asserting claims of unconstitutional retaliation by Defendant, invasion of privacy under the Federal and Louisiana Constitutions, and defamation

---

[1] R. Doc. 34.
[2] R. Doc. 39.
[3] R. Doc. 44.
[4] R. Doc. 34 at 1.
[5] The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter. Turner v. Hayden, 2016 WL 6993864, at *1 (W.D.La., 2016)

under Louisiana law.[6] Plaintiff asserts that he was terminated from his employment with ATC and that Defendant proliferated false and defamatory statements about Plaintiff to Louisiana news outlets in retaliation for Plaintiff's participation as a witness in a race discrimination case currently pending in this Court against ATC and Defendant.[7]

Plaintiff asserts that he propounded his First Request for Production of Documents to Defendant on August 24, 2016,[8] and that Defendant failed to provide a complete response to a request seeking, "Any and all personnel files, supervisory files, administrative files, and any other files of any type or title, regarding Brette Tingle and Jeffrey Bartalamy."[9] Defendant provided complete responses regarding Brette Tingle, but objected to the request "to the extent it calls for the production of non-public, personal, and sensitive information of an ATC employee who is not a party to this litigation and who has not consented to its release. Further objecting, it is believed Plaintiff is already in possession of these documents, received through a public records request."[10] Subject to these objections, Defendant produced the "public portions of Jeffrey Barthelemy's personnel file."[11] In the Motion to Compel, Plaintiff asserts that Defendant should be ordered to produce the requested documents regarding Jeffrey Barthelemy subject to a protective order.[12] Plaintiff also requests reasonable attorney's fees and litigation expenses incurred in connection with filing the Motion to Compel.[13]

---

[6] R. Doc. 1.
[7] R. Doc. 1 at 1-2; *See*, *Charles M. Gilmore, et al. v. Office of Alcohol & Tobacco Control of the Louisiana Department of Revenue, et al.*, No. 14-cv-434-JWD-EWD.
[8] R. Doc. 34-1 at 1.
[9] R. Doc. 34-3 at 6. The Court notes that although the Request for Production seeks documents regarding "Jeffrey Bartelemy," the parties refer to him throughout their pleadings as "Jeffrey Barthelemy." (*See*, R. Doc. 34-1 at 2, 3; R. Doc. 39; R. Doc. 44).
[10] R. Doc. 34-4 at 13.
[11] R. Doc. 34-4 at 13.
[12] R. Doc. 34 at 1.
[13] *Id*.

Defendant opposes the Motion to Compel, asserting that Plaintiff has failed to demonstrate that the nonpublic portion of Barthelemy's personnel file is relevant to his claims or proportional to the needs of his case, as required by Fed. R. Civ. P. 26(b)(1).[14] In response, Plaintiff asserts Barthelemy is likely going to be called as a witness for the Defendant and that Barthelemy received a disciplinary demotion while employed by the ATC for not telling the truth.[15] Plaintiff further asserts that the requested records are relevant to the issues in this case because Barthelemy's veracity is at issue in this case.[16]

## II.   Law and Analysis

Under Fed. R. Civ. P. 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "For purposes of discovery, relevancy is construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" *Fraiche v. Sonitrol of Baton Rouge*, 2010 WL 4809328, at *1 (M.D. La. Nov. 19, 2010) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1)).

"For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, 2016 WL 4265758, at *1 (E.D. Tex.

---

[14] R. Doc. 39 at 2-3.
[15] R. Doc. 44 at 1-2.
[16] R. Doc. 44 at 2.

Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Mirror Worlds Technologies, LLC*, 2016 WL 4265758 at *1. *See also, Wymore v. Nail*, 2016 WL 1452437, at *1 (W.D. La. April 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *Rivero v. Sunbeam Products, Inc.*, 2010 WL 11451127, at *4 (W.D. Tex. Jan. 12, 2010) ("Plaintiffs, who bear the burden of proof in support of their motion to compel . . . .").

The Court finds that Plaintiff has not met his burden of proving that the Motion to Compel should be granted.[17] As Defendant points out, Plaintiff failed to make any allegations as to the relevancy of the nonpublic portion of Barthelemy's personnel file in the Motion to Compel.[18] Defendant also points out that Barthelemy is not mentioned in the Complaint[19] and Plaintiff's initial disclosures do not list Barthelemy as a potential witness or list his personnel file as a potential exhibit.[20] Thus, it is unclear to the Court how the requested personnel file is relevant to Plaintiff's claims against the Defendant.

---

[17] Although Defendant did not originally object to the underlying discovery request on the basis of relevance, the Federal Rules of Civil Procedure provide that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Relying on this provision, the Court finds Plaintiff has failed to demonstrate that the documents requested from Defendant are relevant and subject to discovery under Rule 26(b)(1).
[18] *See*, R. Doc. 34.
[19] R. Doc. 1.
[20] R. Doc. 39-1.

In the Reply Memorandum, Plaintiff asserts that Barthelemy is likely going to be called as a witness by the Defendant and that the requested records are relevant to the issues in this case because "Barthelemy's veracity is at issue in this case."[21] However, Plaintiff has presented no evidence to support the allegation that Barthelemy will testify at trial. Moreover, even if Plaintiff did provide such evidence, the Court finds there are less intrusive means to obtain the documents requested from Defendant. Since the requested documents have no obvious relevance to the case at hand and Plaintiff has neither explained their relevance nor shown how they might result in obtaining other relevant and admissible information, the Motion to Compel should be denied. Since the Court finds that the Motion to Compel should be denied, Plaintiff's request for attorney's fees and expenses under Fed. R. Civ. P. 37(a)(5)(A) should also be denied as moot.

### III. Conclusion

For the reasons set forth herein, Plaintiff's Motion to Compel[22] is **DENIED.** Plaintiff's request for attorney's fees and expenses under Fed. R. Civ. P. 37(a)(5)(A) is therefore **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on December 14, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] R. Doc. 44 at 1-2.
[22] R. Doc. 34.