# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRETTE TINGLE**

**VERSUS**

**TROY HEBERT, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF THE OFFICE OF ALCOHOL AND TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL.**

**CIVIL ACTION**

**NO. 15-626-JWD-EWD**

## ORDER

Before the Court is a Motion to Compel Discovery and for Attorney's Fees (the "Motion"), filed by Troy Hebert and the Louisiana Office of Alcohol and Tobacco Control (collectively, "Defendants").[1] Defendants seek to compel Plaintiff to respond to Defendants' Second Set of Interrogatories and Requests for Production of Documents Propounded Upon Plaintiff[2] and seek an award of the reasonable expenses and attorney's fees incurred in filing the Motion. Plaintiff has not yet filed a response to the Motion. For the reasons that follow, the Motion is **DENIED** as untimely-filed.[3] Defendants' request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **DENIED.**

---

[1] R. Doc. 97.
[2] R. Doc. 97-3.
[3] A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (*citing Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See*, *Turner v. Hayden*, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

In the Motion, Defendants assert that they propounded their second set of discovery requests upon the Plaintiff on April 26, 2017 and that Plaintiff failed to timely respond to discovery by May 26, 2017. As a result, counsel for Defendants contacted Plaintiff's counsel on May 30, 2017, and eventually conducted a discovery conference pursuant to Fed. R. Civ. P. 37(a)(1) on June 2, 2017.[4] Although counsel subsequently exchanged additional communications in an attempt to resolve the discovery dispute, they were unable to do so, which resulted in Defendants filing the instant Motion on June 7, 2017. In the Motion, Defendants acknowledge that the discovery deadline was May 26, 2017.[5] However, Defendants assert that the Court should consider the Motion because the Court has granted a limited extension of the discovery deadline to August 25, 2017[6] and the Court is still considering other discovery issues, including Defendants' prior motion to compel.[7] Defendants further assert that the Court's local rules allow parties to file a motion to compel after the discovery deadline (LR 26(d)(1)) and that there is no bright-line rule prohibiting a party from filing a motion to compel after the discovery deadline.

Despite Defendants' assertions to the contrary, the Court finds that the Motion must be denied as untimely-filed. As Defendants readily admit, the deadline to complete all fact discovery and to file motions to compel fact discovery was May 26, 2017.[8] During a telephone conference held on May 23, 2017, the Court granted in part the Defendants' oral motion to extend the discovery deadline to August 25, 2017, giving the parties additional time to take the continuation of Plaintiff's deposition and conduct additional reasonable discovery that arises out of the deposition, but expressly denying Defendants' request to extend the discovery deadline for any

---

[4] R. Doc. 97-2 at 2-3.
[5] R. Doc. 97-2 at 2.
[6] *See*, R. Doc. 94.
[7] *See*, R. Doc. 59.
[8] R. Doc. 63 at 1.

other purpose.[9] Further, while Local Rule 26(d)(1) does allow the filing of discovery motions after the expiration of the discovery deadline, the rule specifically provides that such motions must be "filed within seven days after the discovery deadline." LR 26(d)(1). Here, the Motion was not filed within seven days after the May 26, 2017 discovery deadline, as the Motion was filed on June 7, 2017. Thus, the Motion was untimely-filed even under Local Rule 26(d)(1). While Defendants assert as a basis for the failure to file the Motion timely Plaintiff's counsel's delay in participating in a Fed. R. Civ. P. 37 discovery conference, that is not a basis for failing to seek relief timely. Defendants could have requested an extension of the deadline to file the Motion to Compel or requested a conference with the Court, or timely-filed the Motion with a certificate that a conference was attempted but could not be held. Based on the facts alleged in the Motion, the Defendants have not shown excusable neglect for their failure to timely file the Motion under Fed. R. Civ. P. 6(b)(1)(B).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Compel Discovery and for Attorney's Fees[10] is **DENIED as untimely.**

**IT IS FURTHER ORDERED** that Defendants' request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 12, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] R. Doc. 94.
[10] R. Doc. 97.