UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRETTE TINGLE**  **CIVIL ACTION**

**VERSUS**  **NO. 15-626-JWD-EWD**

**TROY HEBERT, IN HIS INDIVIDUAL
CAPACITY AND IN HIS OFFICIAL
CAPACITY AS THE COMMISSIONER
OF THE OFFICE OF ALCOHOL AND
TOBACCO CONTROL OF THE LOUISIANA
DEPARTMENT OF REVENUE, ET AL.**

**RULING AND ORDER**

Before the Court is Defendants' Motion to Compel Discovery and for Attorney's Fees (the "Motion"), filed by Troy Hebert and the Louisiana Office of Alcohol and Tobacco Control ("ATC") (collectively, "Defendants").[1] Defendants seek to compel Plaintiff to respond to Defendants' Third Set of Interrogatories and Requests for Production of Documents Propounded Upon Plaintiff[2] and seek an award of the reasonable expenses and attorney's fees incurred in filing the Motion. The Motion is opposed.[3] For the reasons that follow, the Motion is **DENIED** as untimely-filed.[4] Defendants' request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **DENIED.**

---

[1] R. Doc. 112.
[2] R. Doc. 112-2.
[3] R. Doc. 115.
[4] A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (*citing Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See*, *Turner v. Hayden*, Civ. A. No. 15-2282-P, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

**I.     Background**

On September 16, 2015, Plaintiff filed a Complaint in this Court against Troy Hebert, asserting claims of retaliation under 42 U.S.C. §§ 1981 and 1983, invasion of privacy under the United States and Louisiana Constitutions, and defamation under Louisiana law.[5] In the Complaint, Plaintiff alleges that he was terminated from his employment with ATC by Hebert in retaliation for his participation as a witness in race discrimination charges filed with the Equal Employment Opportunity Commission ("EEOC") by three of his former co-workers against the ATC and his participation as a witness in the ensuing litigation against the ATC and Hebert in that matter.[6] Plaintiff also asserts that he was terminated in retaliation for his participation as a witness in litigation against the Louisiana Department of Revenue brought by another former co-worker, Randall Kling, who claims Hebert retaliated against Kling by terminating Kling's employment with the ATC after Kling complained of Hebert's discriminatory practices at the ATC.[7]

On September 1, 2017, Defendants filed the instant Motion, seeking to compel Plaintiff to provide substantive responses to Defendants' Third Set of Interrogatories and Requests for Production of Documents Propounded Upon Plaintiff.[8] Defendants assert that they propounded their third set of discovery requests upon Plaintiff on July 26, 2017, which included one interrogatory and one request for production of documents, "both aimed at determining the date Plaintiff first engaged Art Smith and/or the Smith Law Firm as his counsel."[9] Defendants claim that the discovery requests were propounded because during two depositions, held on November 29, 2016 and August 2, 2017, "Plaintiff could not or would not recall when he retained Smith" and

---

[5] R. Doc. 1.
[6] R. Doc. 1 at ¶¶ 3 and 42.
[7] R. Doc. 1 at ¶¶ 4 and 42.
[8] R. Doc. 112-2.
[9] R. Doc. 112-1 at p. 4.

Plaintiff stated that he could have attended some meetings with other ATC employees at Art Smith's office, but Plaintiff could not recall all of the meetings he had attended.[10] Defendants seem to assert that this information is relevant to show whether Plaintiff had a good faith, reasonable belief that he was opposing an unlawful employment practice or if Plaintiff "incited and instigated ATC employees to bring complaints and lawsuits against Hebert and the ATC for Plaintiff's own personal reasons and purposes."[11]

Defendants claim that Plaintiff provided discovery responses on August 25, 2017, objecting to the discovery as "untimely under this court's scheduling order and irrelevant.'"[12] As a result, counsel for Defendants contacted Plaintiff's counsel on August 25, 2017, and the parties conducted a discovery conference pursuant to Fed. R. Civ. P. 37(a)(1) on August 28, 2017.[13] Although counsel subsequently exchanged additional communications in an attempt to resolve the discovery dispute, they were unable to do so, which resulted in Defendants filing the instant Motion on September 1, 2017.

Although the original discovery deadline was May 26, 2017,[14] Defendants assert that the Motion to Compel was timely under the Court's May 23, 2017 Telephone Conference Report and Order, which extended the discovery deadline to August 25, 2017 for Defendants "to take the continuation of Plaintiff's deposition and conduct additional reasonable discovery that arises out of the deposition."[15] Defendants contend that their discovery requests fit within the parameters and scope of the Court's May 23, 2017 Order because Plaintiff specifically testified about his retention of Art Smith as counsel during his deposition on August 2, 2017.[16] Defendants further

---

[10] R. Doc. 112-1 at pp. 3-4; *See*, R. Docs. 112-5 and 112-9.
[11] R. Doc. 112-1 at p. 2 (citation omitted).
[12] R. Doc. 112-1 at p. 4 (*quoting* R. Doc. 112-10).
[13] R. Doc. 112-1 at p. 4; *See*, R. Doc. 112-13.
[14] *See,* R. Doc. 63.
[15] *See*, R. Doc. 94 at p. 2.
[16] R. Doc. 112-1 at p. 6.

assert that the Motion to Compel is timely under Local Civil Rule 26(d)(1), which allows a motion to compel to be brought within seven days after the discovery deadline if it pertains to conduct occurring during the final seven days of discovery.

In opposition, Plaintiff asserts that he objected to the discovery requests on the grounds that they seek information that is irrelevant to the claims and defenses in this case, they are untimely under the Court's Amended Scheduling Order[17] and because this Court has already determined in the related *Gilmore* matter[18] that it is premature for counsel to discover the records of their opponents' attorney-client relationships and billings until such time as a decision is made as to who is the prevailing party.[19] Plaintiff further asserts that the discovery requests do not fall within the scope of the Court's May 23, 2017 Order extending the discovery deadline because Defendants' inquiry into the date Plaintiff originally engaged Art Smith as counsel does not arise out of Plaintiff's August 2, 2017 supplemental deposition. Plaintiff argues that if Defendants believed this information was relevant to the claims or defenses in this case, Defendants should have sought this information within the original discovery deadline.

**II.     Law and Analysis**

Despite Defendants' assertions to the contrary, the Court finds that the Motion to Compel must be denied as untimely-filed. As Defendants readily admit, the deadline to complete all fact discovery and to file motions to compel fact discovery was May 26, 2017.[20] During a telephone conference held on May 23, 2017, the Court granted in part Defendants' oral motion to extend the discovery deadline to August 25, 2017, giving the parties additional time to take the continuation

---

[17] *See*, R. Doc. 63.
[18] *See, Gilmore v. Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue*, Civ. A. No. 14-434-JWD-EWD.
[19] R. Doc. 115.
[20] R. Doc. 63 at 1.

4

of Plaintiff's deposition and conduct additional reasonable discovery that arises out of the deposition, but expressly denying Defendants' request to extend the discovery deadline for any other purpose.[21] The discovery sought by Defendants' third set of discovery requests did not arise out of the continuation of Plaintiff's deposition on August 2, 2017. As evidenced by the other exhibits attached to the Motion to Compel, during Plaintiff's first deposition on November 30, 2015, counsel for Defendants asked Plaintiff, "Did you arrange for Art Smith to represent the Plaintiffs in [the *Gilmore*] case?"[22] During the same deposition, counsel for Defendants further asked Plaintiff how many meetings he had at Mr. Smith's office with the three plaintiffs from the *Gilmore* matter and when those meetings were held.[23] Further, when Plaintiff could not recall when such meetings took place, counsel for Defendants stated, "In the August 2012 meeting— that's what Mr. McDowell testified the meeting was in August of 2012."[24] Although Defendants only submitted a portion of Daimian McDowell's deposition with the Motion to Compel, McDowell's deposition was taken on October 21, 2015.[25] At Plaintiff's November 29, 2016 deposition, the issue of when Plaintiff retained Mr. Smith was also raised and Plaintiff stated that he could not recall.[26] Thus, it is clear to the Court that the information sought by Defendants' third set of discovery requests could have been sought long before the original discovery deadline of May 26, 2017. Defendants have offered no explanation as to why they did not seek this information in a timely manner pursuant to the original discovery deadline imposed by the Court.[27]

Based on the facts alleged in the Motion to Compel, Defendants have not shown excusable neglect for their failure to timely file the Motion to Compel under Fed. R. Civ. P. 6(b)(1)(B). Since

---

[21] R. Doc. 94.
[22] R. Doc. 112-4 at p. 2, lines 17-18.
[23] R. Doc. 112-4 at p. 4, lines 15-22.
[24] *Id*. at lines 23-25.
[25] R. Doc. 112-8.
[26] *See*, R. Doc. 112-5 at p. 2, lines 4-15; at p. 5, line 13- p. 6, line 10.
[27] *See*, R. Doc. 63.

the Motion to Compel is denied, Defendants' request for the reasonable expenses and attorney's fees incurred in filing the Motion to Compel is also denied.

**III.     Conclusion**

**IT IS ORDERED** that Defendants' Motion to Compel Discovery and for Attorney's Fees[28] is **DENIED as untimely.**

**IT IS FURTHER ORDERED** that Defendants' request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 30, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] R. Doc. 112.