# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRETTE TINGLE** | |
| **VERSUS** | **CIVIL ACTION** |
| | **NO. 15-626-JWD-EWD** |
| **TROY HEBERT, in his Individual and Official Capacity as the Commissioner of the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue, ET AL.** | |

## RULING AND ORDER

This matter comes before the Court on the *Plaintiff's Rule 50(b) Renewed Motion for Judgment as a Matter of Law, Renewed Motion to Suppress, and Rule 59 Motion for New Trial* (Doc. 285) filed by Plaintiff Brett Tingle ("Plaintiff"). Defendants Troy Hebert ("Hebert") and the Office of Alcohol and Tobacco Control ("ATC") (collectively, "Defendants") oppose the motion (Doc. 289.) Plaintiff has filed a reply. (Doc. 292.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiffs' motions are denied.

### I. Relevant Background

Beginning on July 30, 2018, a six-day jury trial was held in this matter. (Doc. 273, 274, 277, 278, 279, & 280.) The following claims went to the jury: (1) the Title VII claim against the ATC for retaliation; (2) the Section 1981 claim against Hebert for retaliation; (3) the Section 1983 claim against Hebert for an alleged violation of Plaintiff's Fourth Amendment right to be free from unlawful searches and seizures; (4) the state law invasion of privacy claim; and (5) the state law defamation claim. (*See Jury Verdict Form*, Doc. 281.) The jury found against Plaintiff and in favor of Defendants for each and every claim. (*See id.*)

Plaintiff now moves under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law on his claims of an unlawful search and seizure in violation of the Fourth Amendment and La. Const. Art. I, § 5, or, alternatively, for a new trial under Rule 59. Plaintiff argues that there was not a "legally sufficient evidentiary basis for finding for the Defendants" on these claims. (Doc. 285 at 1.) Plaintiff also seeks a new trial for his other claims. Finally, Plaintiff moves for a reconsideration of the Court's decision to deny his motion to suppress the evidence from Plaintiff's cell phone search. Plaintiff stated that he would "not repeat all the evidence submitted in support of these claims as the court carefully listened to every word of the testimony." (Doc. 285-1 at 2.)

Defendants respond that the jury found in its favor on all claims. According to Defendants, "Tingle files these post-trial motions seemingly because he is dissatisfied with the outcome of the jury trial, but that is no basis for the relief Tingle seeks. Tingle advances no legitimate basis for either" post-trial motion, "both of which essentially require Tingle to show that there is no evidence to support the jury[']s verdict." (Doc. 289 at 2.) Defendants maintain that the Court already denied the earlier motions for judgment as a matter of law, and there is no reason to depart from those rulings. Defendants then chronical the evidence supporting the jury's verdict. (Doc. 289 at 3–5, 7–9.) They also reiterate why the Court's ruling on the motion to suppress was correct.

In reply, Plaintiff urges that Defendants misstate the standard for granting new trials. Further, Plaintiffs dispute the proper burden for the search and seizure claim. Plaintiff also contests Defendants' account of what happened at trial. As to the motion to suppress, the Plaintiff asserts that the evidence seized fails the balancing test under Federal Rule of Evidence 403. Further, Plaintiff again urges that motions to suppress can be granted in civil trials and that the Court can consider all evidence, including that used at trial. Plaintiff maintains that the "outcome of this case represents a monumental miscarriage of justice, as the jury failed to exercise its duty by rendering

a verdict based on emotion rather than the law." (Doc. 292 at 7.) Plaintiff closes by arguing for his defamation claims.

## II. Post-Trial Motions

### A. Relevant Standards

The Court may grant a motion for judgment as a matter of law only if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Thus, "[a] motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997) (quoting *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995)). "Motions for judgment as a matter of law should be granted only if 'the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict.' " *College Network, Inc. v. Moore Educ. Publishers, Inc.*, 378 Fed. Appx. 403, 407 (5th Cir. 2010) (quoting *Brown v. Bryan Cty.*, 219 F.3d 450, 456 (5th Cir. 2000)). "On the other hand, if 'there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied.' " *College Network*, 378 Fed. Appx. at 407 (quoting *Brown*, 219 F.3d at 456). For these motions, the Court "consider[s] all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party." *Brown*, 219 F.3d at 456 (citing *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996)). Further, as the Fifth Circuit has explained:

> "We are wary of upsetting jury verdicts[.] [*Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039 (5th Cir. 2011).] . . . It is not our charge to decide which side has the more persuasive case. *Mosley v. Excel Corp.*, 109 F.3d 1006, 1009 (5th Cir. 1997). For, "it is the function of the jury as the traditional finder of the facts, and

3

not for the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Id*.

*Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012); *see also Hickson v. Herbert*, No. 13-580, 2017 WL 8793474, at *1–2 (M.D. La. Nov. 30, 2017) (Dick, J.) (describing much of the above standard).

Additionally, "[t]he court may . . . grant a new trial on all or some of the issues—and to any party—as follows: . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted). But, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great not merely the greater weight of the evidence." *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980) (citing *Love v. Sessions*, 568 F.2d 357 (5th Cir. 1978)). "In making this determination, the district court weighs all of the evidence, and it need not view it in the light most favorable to the nonmoving party. This does not mean that a judge may order a new trial simply because he disagrees with the jury verdict." *Ellerbrook v. City of Lubbock, Tex.*, 465 Fed. Appx. 324, 336 (5th Cir. 2012) (citations and quotations omitted). The judge must not "simply substitute his judgment for that of the jury, thus depriving the litigants of their right to trial by jury." *Conway*, 610 F.2d at 363 (citing *Love*, 568 F.2d at 361). Ultimately, "it is within the 'sound discretion of the trial court' to determine whether to grant or deny a motion for new trial." *Hickson*, 2017 WL 8793474, at *1–2 (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 2016 (5th Cir. 1998)).

### B. Analysis

As Plaintiff correctly recognized, the Court "carefully listened to every word of the testimony" presented at trial. (Doc. 285-1 at 2.) The Court has also reviewed the other evidence and the briefs to the instant motion.

Having carefully considered the matter, the Court finds that both post-trial motions should be denied. First, as to the motion for judgment as a matter of law, there is a legally sufficient basis to find for the Defendants on all claims. That is, the facts and inferences do not point so strongly and overwhelmingly in favor of Plaintiff that the Court believes that reasonable men could not arrive at contrary verdicts, so this motion must be denied.

Similarly, the Court finds that there is no legal basis for granting a new trial; the verdict is not against the great weight of the evidence, and there has been no injustice, unfairness, or prejudicial error. Plaintiff is essentially asking the Court (1) to accept his version of the facts as true, and (2) to then substitute that version for the jury's. But this is impermissible under the above legal standards. As a result, this motion must also be denied.

### III. Motion to Reconsider Motion to Suppress Ruling

### A. Relevant Standard

When a motion for reconsideration " 'calls into question the correctness' of the judgment," the Court considers it under Fed. R. Civ. P. 59(e). *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) ). "Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " *Id.* (quoting *Templet*, 367 F.3d at 477). " 'Reconsideration of a judgment after its entry is an extraordinary remedy that

should be used sparingly.' " *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.' " *Id.* (quoting *Templet*, 367 F.3d at 479).

### B. Post-Trial Motions

The Court has carefully considered its oral reasons in denying Plaintiff's motion to suppress. (*See* Doc. 270.) And, again, the Court has considered the testimony and evidence presented at trial. In short, the Court finds no error in fact or law to justify overturning its prior ruling, much less a manifest one sufficient to warrant this extraordinary remedy. Consequently, Plaintiff's motion for reconsideration is denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that *Plaintiff's Rule 50(b) Renewed Motion for Judgment as a Matter of Law, Renewed Motion to Suppress, and Rule 59 Motion for New Trial* (Doc. 285) is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>August 14, 2019</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**